UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| RICKY ALLEN FRAZIER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0: 13-112-HRW |
| ) | |
| V. ) | |
| ) | |
| WARDEN MICHAEL SEPANEK, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Ricky Allen Frazier[1] is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Frazier has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules

---

[1] Petitioner's first name is spelled "Rickey" in the criminal docket for the court of conviction, *United States v. Rickey Allen Frazier*, No. 2:04-cr-52-1 (E. D. Tenn. 2004), and in the Bureau of Prisons' database, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch &needingMoreList=false&IDType=IRN&IDNumber=31175-074&x=-259&y=-452 (last visited on September 13, 2013). The Clerk of the Court shall therefore add "Rickey Allen Frazier" as an alias designation for the petitioner.

Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Frazier's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On August 24, 2004, Frazier was indicted in the Eastern District of Tennessee of various drug trafficking offenses and of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). In addition, Frazier's prior convictions rendered him potentially subject to sentencing as an armed career criminal, requiring a mandatory minimum 15-year sentence under 18 U.S.C. § 924(e)(1).

On January 21, 2005, Frazier signed a written agreement to plead guilty to the felon-in-possession charge in exchange for the dismissal of the three drug trafficking charges. In paragraph four of the plea agreement, Frazier expressly waived "any right he may have under the Sixth Amendment or otherwise to a jury trial or to have facts relevant to sentencing alleged in the indictment and determined by a jury beyond a reasonable doubt." In paragraph seven, Frazier also expressly waived his right to attack his conviction, including by direct appeal and by collateral attack, except upon grounds of ineffective assistance of counsel. Finally, in paragraph ten Frazier agreed

that when he entered his plea of guilty he would "admit all facts alleged in the indictment and statement of facts ..." On February 5, 2005, Frazier signed and filed an "Agreed Factual Basis" in which he admitted that he had "at least" three prior convictions - a 1981 conviction for Burglary II, a 1982 conviction for 3d degree Burglary, and a 1985 conviction for voluntary manslaughter - which were "qualifying convictions under 18 U.S.C. § 924(e)."

On April 28, 2005, the government filed a sentencing memorandum which recommended a sentence of 118 to 235 months, and Frazier filed a response in which he indicated that he had no objection. On May 9, 2005, the trial court held a sentencing hearing at which the details of the plea agreement were discussed at length with Frazier, including each of the waivers identified above, and Frazier indicated that he understood and agreed with its terms. The trial court accepted the agreement and his plea, and sentenced Frazier to a 235-month term of imprisonment. *United States v. Frazier*, No. 2:04-cr-52-1 (E. D. Tenn. 2004).

Notwithstanding his plea and waiver, Frazier promptly appealed, but the Sixth Circuit denied relief, finding that Frazier had executed the plea agreement, as well as the appeal waiver, knowingly and voluntarily, and that the sentence imposed was reasonable. *United States v. Frazier*, No. 05-5770 (6th Cir. Sept. 20, 2006). Frazier did not file a motion for relief from his sentence under 28 U.S.C. § 2255.

In his petition, Frazier contends that his sentence was improperly enhanced in

two ways. First, Frazier indicates that the trial court applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm or ammunition in connection with the distribution of marijuana. Frazier contends that doing so violated *Alleyne v. United States*, \_\_ U.S. \_\_, 133 S. Ct. 2151 (2011), because the distribution of marijuana was a fact which was not proven beyond a reasonable doubt and decided by a jury. [D. E. No. 1-1, p. 14] Second, Frazier argues that his prior convictions did not constitute predicate violent felonies under *Begay v. United States*, 553 U.S. 137 (2008). [D. E. No. 1, p. 15]

Frazier's claims fail to provide a basis for habeas relief for a number of reasons. First, Frazier is barred from collaterally attacking his conviction or sentence pursuant to the waiver provisions found in paragraph seven of his plea agreement. In that agreement, Frazier expressly and unequivocally waived his right to appeal or collaterally attack his conviction or sentence save upon grounds of ineffective assistance of counsel. Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Frazier pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013) (holding that *Begay* claim asserted in § 2241 petition barred by plea agreement's waiver of right to collaterally attack conviction); *Gonzalez v.*

*Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Even if Frazier's waiver did not preclude his collateral attack on his sentence, such challenges to a sentence, as opposed to a conviction, fall outside the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."). This Court has applied this rule to challenges to sentencing enhancements, an approach repeatedly approved by the Sixth Circuit. *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay* because "it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim."); *Johnson v. Cauley*, No. 09-52-HRW (E.D.Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241).

Finally, Frazier's claims under *Alleyne* and *Begay* are substantively without merit. The facts which gave rise to the sentencing enhancements to which he objects - the possession of a firearm or ammunition in connection with the distribution of

marijuana and the commission of three prior predicate offenses under § 924(e) - were not found by the court, but were expressly admitted by Frazier. As he agreed to do in paragraph ten of the plea agreement, Frazier acknowledged that he had "at least" three prior convictions that constituted "qualifying convictions under 18 U.S.C. § 924(e)" in his February 5, 2005 "Agreed Factual Basis." He also expressly waived any right to a jury determination of any "facts relevant to sentencing" in paragraph four of the plea agreement.

*Alleyne* and *Apprendi* are therefore not implicated because Frazier waived any right under the Sixth Amendment to a jury determination regarding sentencing factors. *Cf. United States v. Eziolisa*, No. 3:10-cr-39, 2013 WL 3812087, at *3 (S.D. Ohio July 22, 2013) ("the *Apprendi* line of cases does not apply at all to facts admitted by a defendant. When a defendant makes a valid waiver of jury trial, there is no occasion for any jury to make any finding in the case. And where a defendant goes further and admits the fact upon which the enhanced sentence depends, there is no occasion for a jury to find that fact either."); *Hawthorne v. United States*, No. 1:07-CV-30, 2007 WL 148842, at *3 n.6 (N.D. Ohio Jan. 16, 2007). Likewise, *Begay* is not implicated because Frazier admitted that his prior offenses qualified as valid predicates to § 924(e)'s enhancement. *Accord Strickland v. English*, No. 5:13-cv-101-RS-EMT, 2013 WL 3716691, at *6 n.5 (N.D. Fla. July 15, 2013).

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall add "Rickey Allen Frazier" as an alias designation for the petitioner.

2. Frazier's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This the 27th day of September, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge